UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. DRIES,

      Petitioner,

v.                                      Case No. 8:08-cv-1286-T-23TGW

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

Dries petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for "D.U.I.-Manslaughter," for which conviction Dries serves ten years.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 9)  The respondent admits the petition's timeliness.  (Response at 14 Doc. 9)  The petition lacks merit.

## FACTS[1]

Shortly before midnight on May 3, 2000, Dries turned his vehicle from a side-road onto a main road in Lakeland, Florida, and was immediately involved in a "head-on" collision with a vehicle driven by Joseph Long, who died as a result of the accident. Dries had a blood-alcohol level of .234, nearly three times greater than the legal limit of .08.  Dries was charged with "D.U.I.-Manslaughter."  Two years after the accident Dries

---

[1] This summary of the facts derives from the prosecutor's information (Respondent's Exhibit 9 at 35) and the transcript of the change of plea hearing.  (Respondent's Exhibit 9 at 109-110)

pleaded <u>nolo</u> <u>contendere</u> without a plea agreement and was sentenced to ten years

imprisonment and five years probation.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

this proceeding.  <u>Wilcox v. Florida Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998),

<u>cert.</u> <u>denied</u>, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential

standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law,
>> as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in
>> the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.  Under
> § 2254(d)(1), the writ may issue only if one of the following two conditions is
> satisfied--the state-court adjudication resulted in a decision that (1) "was
> contrary to . . . clearly established Federal Law, as determined by the
> Supreme Court of the United States," or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by the
> Supreme Court of the United States."  Under the "contrary to" clause, a
> federal habeas court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this Court on a question of law or if
> the state court decides a case differently than this Court has on a set of
> materially indistinguishable facts.  Under the "unreasonable application"

clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694.  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011).  Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).  Federal courts must afford due deference to a state court's decision.  "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, _____ U.S. _____, 130 S. Ct. 1855, 1866 (2010).  See also Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard

- 3 -

for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a per curiam decision without a written opinion the state appellate court affirmed Dries's conviction and sentence on direct appeal.  (Respondent's Exhibit 7) Similarly, in another per curiam decision without a written opinion the state appellate court affirmed the denial of Dries's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 12)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).  See also Richter, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

Pinholster, 131 S. Ct. at 1398.  Dries bears the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual

issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir.), <u>cert. denied</u>, 534 U.S. 1046 (2001).  The state court's rejection of Dries's post-conviction claims warrants deference in this case.  (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 9 at 139-44 and 301-03)

Dries asserts ten grounds for relief.  The respondent recognizes that three of the grounds are entitled to a review on the merits but contends that seven of the grounds are barred from review on the merits because Dries failed to properly present each ground to the state court.[2]  The respondent's procedural argument is correct.

## <u>EXHAUSTION AND PROCEDURAL DEFAULT</u>

A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995), <u>quoting</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  <u>Accord</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those

---

[2]  The exhaustion doctrine precludes review of an unexhausted claim unless the respondent specifically waives the procedural default.  "[B]ecause the State did not expressly waive McNair's procedural default in this case, we hold that § 2254(b)(3)['s proscription that the state must expressly waive the exhaustion requirement] applies and that McNair is procedurally barred from raising his extraneous evidence claim."  <u>McNair v. Campbell</u>, 416 F.3d 1291,1305 (11th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1073 (2006).

courts the first opportunity to review all claims of constitutional error."), and <u>Upshaw v.</u> <u>Singletary</u>, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

Dries presented his claims of ineffective assistance of counsel in his state Rule 3.850 motion for post-conviction relief.  The circuit court summarily rejected seven of the claims and granted an evidentiary hearing on the remaining three claims.  On the appeal from the denial of post-conviction relief, Dries asserted only the three claims that were the subject of the evidentiary hearing.  (Respondent's Exhibit 10)  Because Dries received an evidentiary hearing and he failed to include all of his claims in his appellate brief (Respondent's Exhibit 10), Dries failed to "fairly present" the seven claims to the state courts.

> Duest also seeks to raise eleven other claims by simply referring to arguments presented in his motion for post-conviction relief.  The purpose of an appellate brief is to present arguments in support of the points on appeal.  Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.

<u>Duest v. Dugger</u>, 555 So.2d 849, 851-52 (Fla. 1990).  <u>See</u> <u>also</u> <u>Cortes v. Gladish</u>, 216 Fed. App'x 897, 899-900 (11th Cir. 2007) ("[H]ad Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver.").  As a consequence, grounds II, III, IV, V, VII, VIII, and IX are unexhausted.

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois

Supreme Court in a timely fashion has resulted in a procedural default of those claims.");

Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the

unexhausted claims would be procedurally barred in state court due to a state-law

procedural default, we can forego the needless 'judicial ping-pong' and just treat those

claims now barred by state law as no basis for federal habeas relief."); Kennedy v.

Herring, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the

federal court considering the petition may determine whether the petitioner has defaulted

under state procedural rules."), appeal after remand, Kennedy v. Hopper, 156 F.3d 1143

(11th Cir.), cert. denied sub nom Kennedy v. Haley, 526 U.S. 1075 (1999).

A federal court may review a procedurally defaulted claim only upon a showing of

either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to

consider [the defaulted] claim will result in a fundamental miscarriage of justice." Harris

v. Reed, 489 U.S. 255, 262 (1989).  To demonstrate "cause" for his procedural default,

Dries must justify his failure to comply with Florida's procedural rules.  In general, "the

existence of cause for a procedural default must ordinarily turn on whether the prisoner

can show that some objective factor external to the defense impeded . . . efforts to

comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).

See Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995).  Even if he shows cause

for his procedural default, Dries must show prejudice arising from the alleged

constitutional error.  A petitioner must show that he suffered actual prejudice, "not merely

that the errors of the trial created a possibility of prejudice, but that they worked to his

actual and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis original).

- 7 -

<u>Accord</u> <u>Hollis v. Davis</u>, 941 F.2d 1471, 1480 (11th Cir. 1991).  In essence, to show actual prejudice, Dries must demonstrate that the alleged errors so infected the proceeding that his conviction violates due process.  Dries fails to meet this burden.

As an alternative to showing "cause and prejudice," Dries must show that dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage of justice," an especial difficulty because Dries must demonstrate "actual innocence" of the crime of conviction.  <u>See</u> <u>Smith v. Murray</u>, 477 U.S. 527, 537 (1986) (citing <u>Murray v. Carrier</u>, 477 U.S. at 496).  <u>See</u> <u>also</u> <u>Engle v. Isacc</u>, 456 U.S. 107, 134-35 (1982), and <u>Ward v. Cain</u>, 53 F.3d 106, 108 (5th Cir. 1995)[3] (denying certificate of probable cause) (holding that a petitioner must show "as a factual matter that he did not commit the crime of conviction.").  Additionally, to meet the "fundamental miscarriage of justice" exception, Dries must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

Dries shows neither "cause and prejudice" nor "a fundamental miscarriage of justice."  Consequently, a merits review of grounds II, III, IV, V, VII, VIII, and IX is barred.  Only grounds I, VI, and X are properly exhausted and entitled to a merits review.  Ground I asserts a claim of trial court error and grounds VI and X allege that trial counsel provided ineffective assistance.

---

[3] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (<u>en banc</u>).

**TRIAL COURT ERROR**

Ground I

      Dries alleges that the trial court erred in accepting his guilty plea, which Dries

contends was involuntarily entered because he was impaired by both medications and

several mental conditions.  The following exchange occurred during the plea colloquy

(Respondent's Exhibit 9 at 106-07):

> The Court:  Alright.  And are you presently, Mr. Dries, under the influence
> of any drugs or alcohol or any types of medication which would prevent you
> from understanding what we are doing here this morning?
>
> The Defendant:  I take medication, but I don't believe it impedes my ability
> to retain and accept knowledge and decipher it for myself.
>
> The Court:  Alright.  Is there anything about these proceedings that you do
> not understand or have any questions about?
>
> The Defendant:  Not really.

      In his motion for post-conviction relief, Dries alleged that, when he pleaded, he

"was taking several medications and the Defendant is of the belief that had he not been

on the medications he would not of [sic] entered a plea of nolo-contendere."

(Respondent's Exhibit 9 at 71)  To the contrary, Dries testified at the evidentiary hearing

that he was not taking his medications when he changed his plea (Respondent's Exhibit

9 at 249):

> Q:  Around the time of the entry of the plea, were you taking all of your
> medications as prescribed at the times prescribed?
>
> A:  No, I was — I was not taking them hardly at all then.
>
> Q:  What was the effect of that?

A:  It just made me feel that I was being — my environment had control of me is the way I felt.  I felt like that I had no control of my life.  And that what anybody said I had to do, is the way I felt about it at that time.  I didn't feel like I had any control, I was completely out of control.

Based on his testimony at the evidentiary hearing, Dries complains that his plea was involuntary because he had not taken his medications.

In resolving this conflict whether Dries was or was not taking his medications, the post-conviction judge ruled that Dries failed to show that his plea was not "freely, knowingly, or voluntarily made"  (Respondent's Exhibit 9 at 301-02) (citations to record omitted):

Claim One alleges the Court erred in finding the Defendant's plea to be voluntary, as the Defendant was not on his prescribed medications at the time the plea was made.  Specifically, the Defendant alleges that the lack of this medication made him unable to understand the consequences of the plea.  However, the plea transcript, when considered as a whole, does not support a finding that the plea was not knowingly, voluntarily, and freely made.  The trial judge asked the Defendant if he was mentally impaired by the medication, and the Defendant indicated he takes medication, but it does not impede his ability to "accept knowledge and decipher it."  His defense counsel, Mr. Mars, had conversations with him on the day of the plea and detected no indication of incoherency.  Further, the trial judge also inquired whether anyone had coerced or threatened the Defendant into entering a plea of Nolo Contendere and the Defendant answered, "they have not."  The evidence presented at the hearing does not support a finding that the Defendant's plea was not freely, knowingly, or voluntarily made.

The reasonableness of the above ruling is supported by the testimony Dr. Henry Dee, the psychologist who evaluated Dries after the plea and testified at both the sentencing and the post-conviction evidentiary hearings.  Dr. Dee testified that Dries was "unusually complaint" in "religiously" taking his medications.  (Respondent's Exhibit 9 at 218-20)  Dries's trial counsel testified that, although Dries had "mental difficulties," on the day of the change of plea Dries was sad and remorseful but never appeared confused, "tongue-

tied," or unable to understand the court proceedings.  (Respondent's Exhibit 9 at 167,

197, and 201)  Because the state court's ruling is not an unreasonable determination of

the facts, Dries fails to meet his burden of proof.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Dries claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he

cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511

(11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a
> two-part test for analyzing ineffective assistance of counsel claims.
> According to Strickland, first, the defendant must show that counsel's
> performance was deficient.  This requires showing that counsel made
> errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial whose result is reliable.
> Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes

an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we

are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is

- 11 -

strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at

690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness

of counsel's challenged conduct on the facts of the particular case, viewed as of the time

of counsel's conduct."  466 U.S. at 690.  <u>Strickland</u> requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance."  466 U.S. at 690.

     Dries must demonstrate that counsel's error prejudiced the defense because "[a]n

error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment."  466 U.S.

at 691-92.  To meet this burden, Dries must show "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the

outcome."  466 U.S. at 694.

     <u>Strickland</u> cautions that "strategic choices made after thorough investigation of

law and facts relevant to plausible options are virtually unchallengeable; and strategic

choices made after less than complete investigation are reasonable precisely to the

extent that reasonable professional judgments support the limitations on investigation."

466 U.S. at 690-91.  Dries cannot meet his burden merely by showing that the avenue

chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial . . . .  We are not

> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Dries must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes an independent assessment of "whether the state habeas court was objectively reasonable in its Strickland inquiry" but not an independent assessment of whether counsel's actions were reasonable.  Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).  Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  Richter, 131 S. Ct. at 788.  See also Pinholster, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of Strickland and the AEDPA.")  and Johnson v. Sec'y, Dep't of Corr., ___ F.3d

___, No. 09-15344 (June 14, 2011) ("Double deference is doubly difficult for a petitioner

to overcome, and it will be a rare case in which an ineffective assistance of counsel claim

that was denied on the merits in state court is found to merit relief in a federal habeas

proceeding.").

 The state court correctly recognized that <u>Strickland</u> governs each claim of

ineffective assistance of counsel.  (Respondent's Exhibit 9 at 302)  Consequently, Dries

cannot meet the "contrary to" test in Section 2254(d)(1).  Dries instead must show that

the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts.

Because of the presumption of correctness and the highly deferential standard of review,

the analysis of each claim begins with the state court's analysis.

<u>Ground VI</u>

 Dries alleges that trial counsel rendered ineffective assistance by erroneously

advising him that he had to prove his innocence.  The post-conviction court conducted

an evidentiary hearing and denied this claim as follows (Respondent's Exhibit 9 at 302)

(citation to record omitted):

> Claim Six alleges ineffective assistance of counsel because the Defendant
> only entered a plea of "No Contest" after his attorney informed him that he
> had the burden to prove his innocence; and to the extent that his plea is
> based on incorrect legal advice, it is involuntary. . . .[4] Defense Counsel
> Mars testified that he did discuss with the Defendant the burden of proof
> and the realities of a jury trial.  He said that jurors do want to hear from the
> defendant in cases of this nature and that it would be best for the
> defendant to establish his innocence rather than rely upon the failure of the
> State to prove his guilt.  At the time of the plea he was informed that he did
> not need to testify at the trial, and the jury would be instructed not to hold
> that against him.  Since there is no evidence presented at the hearing
> showing Counsel did anything unreasonable, the evidence does not

---

[4] The court's <u>Strickland</u> analysis is omitted.

- 14 -

establish that Counsel was deficient.  Thus, the evidence presented at the hearing does not support a finding that Counsel was ineffective on this issue.

Trial counsel testified that he advised Dries about both the burden of proof and the presumption of innocence "the same way [he has] dealt with all of [his] other criminal clients over the last 33 years of [his] extensive practice."  (Respondent's Exhibit 9 at 204)  At the evidentiary hearing Dries confirmed his allegation that his trial counsel told him that he had the burden of proving his innocence.  The state court's credibility determination (that counsel's testimony was credible over that of Dries) and the factual determination (that counsel never advised Dries that he had to prove his innocence) bind this court.  Baldwin v. Johnson, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [counsel's] testimony over [petitioner's].").  cert. denied, 526 U.S. 1047 (1999) and Devier v. Zant, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are, however, entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d).").  cert. denied, 513 U.S. 1161 (1995).  See also 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").  Dries provides no basis for this court to reject the state court's credibility determination.  The state court reasonably applied Strickland in determining that trial counsel's performance was not deficient.

Ground X

Dries alleges that trial counsel rendered ineffective assistance by failing to oppose the prosecution's motion in limine to suppress evidence about the victim's blood-alcohol level.  The victim's blood-alcohol level was .12 compared to Dries's .234 blood-alcohol level.  The legal limit is .08.  Trial counsel testified that he did not "think that there was any dispute about the cause of the" accident.  (Respondent's Exhibit 9 at 205)  The report of an expert in accident reconstruction was not exonerating evidence.  Dries's was indisputably remorseful and his principal concern was to avoid a trial for the sake of his family and the victim's family.  Before entering his guilty plea, Dries stated that he understood that he would "give up the right to put on any defenses" and that he had "been able to go over with [his] lawyer all available defenses . . . ."  (Respondent's Exhibit 9 at 104 and 106)

The post-conviction court conducted an evidentiary hearing and denied this claim of ineffective assistance of counsel as follows (Respondent's Exhibit 9 at 302):

> Claim Ten alleges the Defendant had ineffective counsel due to Counsel's failure to effectively argue against a *Motion in Limine* . . . which sought to prohibit the defense from offering evidence regarding the alcohol content in the victim's blood.  Trial counsel testified that he understood that to be a correct statement of the existing law, and had no contrary legal authority.  As already mentioned, when reviewing Counsel's performance, great deference is given to the attorney's challenged conduct.  In addition, trial counsel is not required to argue against controlling authority.  See Pace v. State, 854 So. 2d 167, 181 (Fla. 2003).  Again, there is no evidence presented at the hearing showing Counsel did anything unreasonable regarding this issue.  . . .  The evidence presented at the hearing does not support a finding that Counsel was ineffective on this issue.

Trial counsel determined that no basis existed for opposing the motion in limine.

See McGoey v. State, 736 So.2d 31, 35 (3d DCA 1999) ("The victim's impairment is

irrelevant to the issue of McGoey's guilt or innocence on the crime as charged.").  Dries

fails to show that trial counsel misunderstood the law.  To the contrary, the

post-conviction court concurred with trial counsel's understanding of controlling state law.

The state court's determination that trial counsel's performance was not deficient was a

reasonable application of Strickland.

Accordingly, Dries's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.

The clerk shall enter a judgment against Dries and close this case.

ORDERED in Tampa, Florida, on August 5, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE